**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 05 2012, 8:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GREGORY K. BLANFORD**
The Blanford Law Office
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE PATERNITY OF N.M.E., Minor Child, | ) | |
| | ) | |
| J.E.E., Father, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 71A03-1112-JP-549 |
| | ) | |
| J.B., Mother, | ) | |
| | ) | |
| Appellee-Respondent, | ) | |

APPEAL FROM THE ST. JOSEPH PROBATE COURT
The Honorable Peter J. Nemeth, Judge
The Honorable Barbara Johnston, Magistrate
Cause No. 71J01-0905-JP-534

**June 5, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

J.E. appeals the juvenile court's order that his parenting time with his daughter, N.M.E., is to be supervised. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

On June 10, 2009, the juvenile court entered an order establishing J.E. (Father) as the father of N.M.E., a daughter born to J.B. (Mother) on March 21, 2008. On May 25, 2010, the trial court accepted the mediated agreement between the parties, in which Mother and Father agreed to share joint legal and physical custody of N.M.E.

On January 5, 2011, Father filed a petition to modify child custody, support, and parenting time. On July 19, the Department of Child Services (DCS) filed petitions to adjudicate N.M.E. a Child in Need of Services (CHINS) based on allegations Father had sexually abused her. On October 11, the juvenile court held a hearing on the parenting time request and CHINS allegations. On October 31, the juvenile court dismissed the CHINS petitions with prejudice and ordered Father's parenting time with N.M.E. to be supervised.

## DISCUSSION AND DECISION

Pursuant to Ind. Code § 31-14-14-1, a "noncustodial parent is entitled to reasonable parenting time rights unless the court finds, after a hearing, that parenting time might: (1) endanger the child's physical health and well-being; or (2) significantly impair the child's emotional development." Although that statute says parenting time can be restricted if it "might" have an adverse impact on the child, we have interpreted the statute to mean "a court may not restrict visitation unless that visitation *would* endanger the child's physical health or well-being or significantly impair the child's emotional development." *Farrell v. Littell*, 790

2

N.E.2d 612, 616 (Ind. Ct. App. 2003) (emphasis in original). By its plain language, Ind. Code § 31-14-14-1 "requires the trial court to make a finding of physical endangerment or emotional impairment prior to placing a restriction on the noncustodial parent's visitation." *In re Paternity of V.A.M.C.*, 768 N.E.2d 990, 1001 (Ind. Ct. App. 2002), *on reh'g*, 773 N.E.2d 359 (Ind. Ct. App. 2002) (remanding to trial court for findings to support supervised visitation pursuant to Ind. Code § 31-14-14-1, original opinion affirmed in all other respects).

The trial court ordered, "[F]ather shall have supervised parenting time with the child. The parties and counsel will come to an agreement regarding who will supervise the parenting time and a parenting time schedule." (App. at 18.) The trial court did not make the findings required by Ind. Code § 31-14-14-1. Even if there is information in the record to support the trial court's decision, "our standard of review prohibits use from affirming [a] judgment based on anything other than the findings provided by the trial court." *V.A.M.C.*, 768 N.E.2d at 1001. Accordingly, we reverse and remand for the trial court to enter findings pursuant to Ind. Code § 31-14-14-1 or remove the restriction on Father's parenting time with N.M.E.

Reversed and remanded.

FRIEDLANDER, J., and BARNES, J., concur.